**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------x

WANDEL CASTILLO,

        Plaintiff,

    -against-

AURORA VEGETABLE MARKET CORP. d/b/a AURORA
MEAT MARKET; 150 AURORA GROCERY CORP. d/b/a
AURORA DELI GROCERY, and DELIA LUZ CASTILLO
URENA, MILTON VLADIMIR CASTILLO, JOHN
CASTILLO, and JULIO CASTILLO, Individually,

        Defendants.

-------------------------------------------------------------------------------x

**JURY DEMANDED**

**<u>VERIFIED COMPLAINT</u>**

CASE NO. 18-9633

       Plaintiff, by and through his undersigned counsel, Mark L. Lubelsky & Associates, as and for a Verified Complaint, respectfully set forth the following:

<u>**NATURE OF THE ACTION**</u>

1.    This is an action brought by Plaintiff WANDEL CASTILLO (hereinafter "Plaintiff Castillo") against Defendants AURORA VEGETABLE MARKET CORP. d/b/a AURORA MEAT MARKET (hereinafter "Defendant Aurora Meat Market"); 150 AURORA GROCERY CORP. d/b/a AURORA DELI GROCERY (hereinafter "Defendant Aurora Deli Grocery" and together with Aurora Meat Market, "Defendants Aurora"); and JOHN CASTILLO, and JULIO CASTILLO (together with John Castillo the "Defendants Castillo"); MILTON VLADIMIR CASTILLO; and DELIA LUZ CASTILLO URENA, Individually (collectively with Defendant Aurora Meat Market and the Defendants Castillo, the "Defendants") for unlawful employment practices including but not limited to violation of federal and state wage-and-hour laws, and state unlawful termination laws.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant 28 U.S.C. 1331, 1337, 1343 and 29 U.S.C. 216(b).  This Court has supplemental jurisdiction over the causes of action under New York Labor Law 191 et seq., pursuant to 28 U.S.C. 1367 and Fed. R. Civ. P. 23.

3.     As the Defendant Aurora Meat Market is located in Bronx County at 138 East 174th Street, Bronx, NY 10457, venue is proper pursuant to 28 U.S.C. 1391.

4.     As the Defendant Aurora Deli Grocery is located in Bronx County at 150 East 174th Street, Bronx, NY 10457, venue is proper pursuant to 28 U.S.C. 1391.

## PARTIES

### Defendant Aurora Meat Market

5.     Plaintiff Castillo was at all material times an adult individual residing in the United States of America, State of New York, County of the Bronx.

6.     Upon information and belief, Defendant Aurora Meat Market is a domestic business corporation doing business and/or with a principal place of business within the State of New York.

7.     Upon information and belief, Defendant Aurora Meat Market was and still is a foreign business corporation.

8.     Upon information and belief, that at all times hereinafter mentioned, Defendant Aurora Meat Market was and still is a foreign business corporation conducting, transacting and/or doing business in the State of New York.

9.     Defendant Aurora Meat Market was an employer as defined in the Fair Labor Standards Act ("FLSA") at all material times herein.

### Defendant Aurora Deli Grocery

2

10.    Plaintiff Castillo was at all material times an adult individual residing in the United States of America, State of New York, County of the Bronx.

11.    Upon information and belief, Defendant Aurora Deli Grocery is a domestic business corporation doing business and/or with a principal place of business within the State of New York.

12.    Upon information and belief, Defendant Aurora Deli Grocery was and still is a foreign business corporation.

13.    Upon information and belief, that at all times hereinafter mentioned, Defendant Aurora Deli Grocery was and still is a foreign business corporation conducting, transacting and/or doing business in the State of New York.

14.    Defendant Aurora Deli Grocery was an employer as defined in the Fair Labor Standards Act ("FLSA") at all material times herein.

**<u>Defendant Delia Luz Castillo Urena</u>**

15.    Upon information and belief, Defendant Delia Luz Castillo Urena is a resident of the State of New York.

16.    Upon information and belief, Defendant Delia Luz Castillo Urena owned Defendant Aurora Meat Market at all material times herein.

17.    Upon information and belief, Defendant Delia Luz Castillo Urena was a supervisory employee of Defendant Aurora Meat Market at all material times herein.

18.    Upon information and belief, Defendant Delia Luz Castillo Urena owned Defendant Aurora Deli Grocery at all material times herein.

19.    Upon information and belief, Defendant Delia Luz Castillo Urena was a supervisory employee of Defendant Aurora Deli Grocery at all material times herein.

20.     Upon information and belief, Defendant Delia Luz Castillo Urena was an employer as defined in the FLSA at all material times herein.

**Defendant Milton Vladimir Castillo**

21.     Upon information and belief, Defendant Milton Vladimir Castillo is a resident of the State of New York.

22.     Upon information and belief, Defendant Milton Vladimir Castillo owned Defendant Aurora Meat Market at all material times herein.

23.     Upon information and belief, Defendant Milton Vladimir Castillo was a supervisory employee of Defendant Aurora Meat Market at all material times herein.

24.     Upon information and belief, Defendant Milton Vladimir Castillo owned Defendant Aurora Deli Grocery at all material times herein.

25.     Upon information and belief, Defendant Milton Vladimir Castillo was a supervisory employee of Defendant Aurora Deli Grocery at all material times herein.

26.     Upon information and belief, Defendant Milton Vladimir Castillo was an employer as defined in the FLSA at all material times herein.

**Defendant John Castillo**

27.     Upon information and belief, Defendant John Castillo is a resident of the State of New York.

28.     Upon information and belief, Defendant John Castillo owned Defendant Aurora Meat Market at all material times herein.

29.     Upon information and belief, Defendant John Castillo was a supervisory employee of Defendant Aurora Meat Market at all material times herein.

30.     Upon information and belief, Defendant John Castillo owned Defendant Aurora Deli Grocery at all material times herein.

31.     Upon information and belief, Defendant John Castillo was a supervisory employee of Defendant Aurora Deli Grocery at all material times herein.

32.     Upon information and belief, Defendant John Castillo was an employer as defined in the FLSA at all material times herein.

**Defendant Julio Castillo**

33.     Upon information and belief, Defendant Julio Castillo is a resident of the State of New York.

34.     Upon information and belief, Defendant Julio Castillo owned Defendant Aurora Meat Market at all material times herein.

35.     Upon information and belief, Defendant Julio Castillo was a supervisory employee of Defendant Aurora Meat Market at all material times herein.

36.     Upon information and belief, Defendant Julio Castillo owned Defendant Aurora Deli Grocery at all material times herein.

37.     Upon information and belief, Defendant Julio Castillo was a supervisory employee of Defendant Aurora Deli Grocery at all material times herein.

38.     Upon information and belief, Defendant Julio Castillo was an employer as defined in the FLSA at all material times herein.

## FACTUAL ALLEGATIONS

39.     Defendant Aurora Meat Markets hired Plaintiff Castillo on or about April 13, 2011.

40.     Defendant Aurora Deli Grocery hired Plaintiff Castillo on or about April 13, 2011.

41.    Defendant Aurora Meat Markets terminated Plaintiff Castillo's employment on or about December 17, 2017.

42.    Defendant Aurora Deli Grocery terminated Plaintiff Castillo's employment on or about December 17, 2017.

43.    From on or about April 13, 2011 to December 17, 2017, Defendant Aurora Meat Markets employed Plaintiff Castillo within the meaning of New York Labor Law.

44.    From on or about April 13, 2011 to December 17, 2017, Defendant Aurora Deli Grocery employed Plaintiff Castillo within the meaning of New York Labor Law.

45.    From on or about April 13, 2011 to December 17, 2017, Defendant Aurora Meat Markets employed Plaintiff Castillo within the meaning of the FLSA.

46.    From on or about April 13, 2011 to December 17, 2017, Defendant Aurora Deli Grocery employed Plaintiff Castillo within the meaning of the FLSA.

47.    From on or about April 13, 2011 to December 17, 2017, Defendant Delia Luz Castillo Urena employed Plaintiff Castillo within the meaning of New York Labor Law.

48.    From on or about April 13, 2011 to December 17, 2017, Defendant Delia Luz Castillo Urena employed Plaintiff Castillo within the meaning of the FLSA.

49.    Defendant Delia Luz Castillo Urena possessed control over the operations of Defendant Aurora Meat Markets and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

50.    Defendant Delia Luz Castillo Urena possessed control over the operations of Defendant Aurora Deli Grocery and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

51. From on or about April 13, 2011 to December 17, 2017, Defendant Milton Vladimir Castillo employed Plaintiff Castillo within the meaning of New York Labor Law.

52. From on or about April 13, 2011 to December 17, 2017, Defendant Milton Vladimir Castillo employed Plaintiff Castillo within the meaning of the FLSA.

53. Defendant Milton Vladimir Castillo possessed control over the operations of Defendant Aurora Meat Markets and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

54. Defendant Milton Vladimir Castillo possessed control over the operations of Defendant Aurora Deli Grocery and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

55. From on or about April 13, 2011 to December 17, 2017, Defendant John Castillo employed Plaintiff Castillo within the meaning of the FLSA.

56. Defendant John Castillo possessed control over the operations of Defendant Aurora Meat Markets and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

57. Defendant John Castillo possessed control over the operations of Defendant Aurora Deli Grocery and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

58. From on or about April 13, 2011 to December 17, 2017, Defendant Julio Castillo employed Plaintiff Castillo within the meaning of the FLSA.

59. Defendant Julio Castillo possessed control over the operations of Defendant Aurora Meat Markets and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

60.  Defendant Julio Castillo possessed control over the operations of Defendant Aurora Deli Grocery and directly affected the nature and conditions of Plaintiff Castillo's employment at all material times.

61.  Upon information and belief, in performing his duties for the Defendants, Plaintiff Castillo was engaged in commerce within the meaning of the FLSA.

62.  Upon information and belief, in performing his duties for the Defendants, Plaintiff Castillo used goods and products that had been moved or produced in interstate commerce.

63.  Upon information and belief, in performing his duties for the Defendants, Plaintiff Castillo provided services to customers who reside in states other than New York.

64.  Upon information and belief, in performing his duties for the Defendants, Plaintiff Castillo provided customers services paid for by private persons and/or entities from outside the State of New York.

65.  Upon information and belief, in performing his duties for the Defendants, the Defendants have been an enterprise engaged in commerce or in the production of goods.

66.  Upon information and belief, the Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

67.  Upon information and belief, defendants have used goods and products that have been moved or produced in interstate commerce.

68.  Upon information and belief, the Defendants have provided services to customers who reside in states other than New York.

69.  Upon information and belief, the Defendants have received payment for their services from private persons and/or entities from outside the State of New York.

70.    Upon information and belief, the Defendants have received payment for their services from public entities and/or from outside the State of New York.

71.    Throughout Plaintiff Castillo's employment with the Defendants, Plaintiff Castillo was responsible for stocking goods as a floor clerk for the Defendants' customers for all thirteen years of his employment with the Defendants.

72.    Throughout Plaintiff Castillo's employment with the Defendants, he was a full-time employee.

73.    From on or about April 13, 2011 until Plaintiff Castillo was wrongfully terminated by the Defendants on December 17, 2017, the Defendants scheduled Plaintiff Castillo to work more than forty hours per week.

74.    From on or about April 13, 2011 until Plaintiff Castillo was wrongfully terminated by the Defendants on December 17, 2017, Plaintiff Castillo worked nine (90) hours per day, from 3:00 p.m. until 12:00 a.m. on weekdays, five days per week and from #:00 p.m. until 1:00 a.m. on weekends, one day per week.

75.    From on or about April 13, 2011 until approximately January 13, 2017, Plaintiff Castillo was paid $375.00 per week by the Defendants.

76.    From on or about January 13, 2017 until Plaintiff Castillo was wrongfully terminated by the Defendants on December 17, 2017, Plaintiff Castillo was paid $500.00 per week by the Defendants.

77.    From on or about April 13, 2011 until Plaintiff Castillo was wrongfully terminated by the Defendants on December 17, 2017, the Defendants paid Plaintiff Castillo in cash on a weekly basis.

78.     Defendant Delia Luz Castillo Urena aided and abetted in the decision to terminate Plaintiff Castillo.

79.     Defendant Milton Vladimir Castillo aided and abetted in the decision to terminate Plaintiff Castillo.

80.     Defendant John Castillo aided and abetted in the decision to terminate Plaintiff Castillo.

81.     Defendant Julio Castillo aided and abetted in the decision to terminate Plaintiff Castillo.

82.     Defendant Delia Luz Castillo Urena terminated Plaintiff Castillo.

83.     Defendant Milton Vladimir Castillo terminated Plaintiff Castillo.

84.     Defendant John Castillo terminated Plaintiff Castillo.

85.     Defendant Julio Castillo terminated Plaintiff Castillo.

86.     Upon information and belief, Defendants found out Plaintiff Castillo's new place of employment, and that Plaintiff Castillo claimed his unpaid wages from the Defendants.

87.     Defendant Delia Luz Castillo Urena threatened Plaintiff Castillo not to pursue his claim to compensation.

88.     Defendant Milton Vladimir Castillo threatened Plaintiff Castillo not to pursue his claim to compensation.

89.     Defendant John Castillo threatened Plaintiff Castillo not to pursue his claim to compensation.

90.     Defendant Julio Castillo threatened Plaintiff Castillo not to pursue his claim to compensation.

91.

## FIRST CAUSE OF ACTION UNDER THE FAIR LABOR STANDARDS ACT

92. Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

93. Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

94. At all relevant and material times herein, the Defendants had a policy and practice of refusal to pay wages for all hours worked, refusal to pay Plaintiff Castillo overtime premium compensation for hours worked in excess of 40 hours per week, and refusal to pay spread-of-hours premium compensation.

95. Under the FLSA, Plaintiff Castillo was entitled to statutory minimum wage compensation for all hours he worked.

96. Under the FLSA, Plaintiff Castillo was entitled to overtime premium compensation from the Defendants of one and one-half times their regular rate of pay for hours he worked beyond 40 hours per week.

97. By the above conduct, the Defendants have violated the FLSA and, upon information and belief, the Defendants have willfully violated the FLSA.

98. Upon information and belief, the Defendants' practice of not compensating Plaintiff Castillo for all hours worked and one and one-half times the regular rate of pay for hours he worked beyond forty hours per week was not approved of or based on any review of any policy or publication of the United States Department of Labor or the New York Department of Labor.

99. Upon information and belief, the Defendants' practice of not compensating Plaintiff Castillo for all hours worked and one and one-half times the regular rate of pay for hours he worked beyond forty hours per week was not based on any advice of counsel received by the Defendants.

100.    Upon information and belief, the Defendants failed to make, keep, record and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment.

101.    Upon information and belief, the Defendants failed to inform Plaintiff Castillo of his rights under the FLSA and Plaintiff Castillo was never informed of his rights under the FLSA.

102.    By the above conduct, Defendants have violated the FLSA and have retaliated against Plaintiff Castillo.

103.    Due to the Defendants' FLSA violations, Plaintiff Castillo is entitled to recover from the Defendants the statutory minimum rate of pay for all hours worked, overtime premium compensation for all hours worked in excess of 40 hours per week, liquidated damages, interest, costs of this action and reasonable attorneys' fees, and all other damages provided for pursuant to the FLSA.

## SECOND CAUSE OF ACTION UNDER NEW YORK LABOR LAW

104.    Plaintiff repeats and incorporates each and every preceding paragraph contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

105.    Plaintiff repeats and realleges each and every allegation contained hereinbefore inclusive, with the same force and effect as though more fully set forth at length herein.

106.    The Defendants willfully violated Plaintiff Castillo's rights by their: failure to pay him compensation for all hours worked; failure to pay overtime premium compensation for all hours worked in excess of 40 hours per week; and failure to pay spread-of-hours premium wages.

107.    Upon information and belief, the Defendants failed to inform Plaintiff Castillo of his rights under New York Labor Law and Plaintiff Castillo was never informed of his rights under New York Labor Law.

108.    By the above conduct, Defendants have violated the New York Labor Law and have retaliated against Plaintiff Castillo.

109.    Due to the Defendants' New York Labor Law violations, Plaintiff Castillo is entitled to recover from the Defendants the statutory minimum rate of pay for all hours worked, overtime premium compensation for all hours worked in excess of 40 hours per week, spread-of-hours premium compensation, liquidated damages, interest, costs of this action, reasonable attorneys' fees, and all other damages provided for pursuant to New York Labor Law.

## PRAYER FOR RELIEF

110.    Plaintiff respectfully requests that this Court grant the following relief:

a)      An award of unpaid wages, wages for all hours worked, overtime premium compensation and spread-of-hours compensation due under the FLSA and New York Labor Law.

b)      An award of monetary damages for all lost wages and benefits.

c)      An award of monetary damages in an amount to be proven representing all loss of future earnings, including reasonable and expected increases, bonuses, loss of retirement income and all other benefits.

d)      An award in monetary damages for compensatory damages for mental, emotional and physical injury, medical expenses, distress, pain, suffering and injury in an amount to be proven.

e)      An award of liquidated and/or punitive damages.

f)      An award of damages arising out of non-payment of wages,

13

g)      An award of pre-judgment and post-judgment interest,

h)      An award of the costs and expenses of this action together with reasonable attorneys' fees,

i)      Such other and further relief as deemed by the Court just and proper.

## DEMAND FOR TRIAL BY JURY

111.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 19, 2018                        MARK L. LUBELSKY AND ASSOCIATES
New York, New York

                                              ___/s/ Josef K. Mensah_____
                                              Mark L. Lubelsky, Esq.
                                                Josef K. Mensah, Esq.
                                                Attorneys for Plaintiff Wandel Castillo
                                              123 West 18th Street, 8th Floor
                                              New York, NY 10011
                                              (212) 242-7480

ATTORNEY' S VERIFICATION

JOSEF K. MENSAH, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms truth of the following under the penalties of perjury:

I am an associate of the firm of MARK L. LUBELSKY AND ASSOCIATES, attorneys for Plaintiff WANDEL CASTILLO in the within action, and as such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing VERIFIED COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

The reason this Verification is made by me and not by plaintiff is that plaintiff is not present in New York County, the County where affirmant maintains his offices.

Dated: October 19, 2018          MARK L. LUBELSKY AND ASSOCIATES
      New York, New York

                                     ___/s/ Josef K. Mensah _____
                                     Josef K. Mensah, Esq.
                                     Attorneys for Plaintiff Wandel Castillo
                                     123 West 18th Street, 8th Floor
                                     New York, NY 10011
                                     (212) 242-7480