

Labor & Employment Counselors

January 30, 2020

**VIA ECF**
Judge Vernon S. Broderick
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-

Re: *Castillo v. Aurora Vegetable Market Corp., et al.*
U.S. SDNY 18 CV 09633 (VSB)

Dear Judge Broderick:

Ali Law Group PC is currently counsel of record for Defendants, Aurora Vegetable Market Corp. d/b/a Aurora Meat Market; 150 Aurora Grocery Corp. d/b/a Aurora Deli Grocery; and Delia Luz Castillo Urena, Milton Vladimir Castillo, John Castillo and Julio Castillo (hereinafter collectively as "Defendants") in the above-referenced action. We write in anticipation of our motion to withdraw as Defendants' counsel in this action to request permission to file the motion under seal for *in camera* review and consideration.

We submit that our Firm has satisfactory reasons for withdrawal under Local Civil Rule 1.4. The general basis for the motion is that withdrawal is appropriate based on NY Rules of Prof. Con. Rule 1.16(c)(1), (5) (7) and (10). We request that the Court allow us to file our motion to withdraw, and the accompanying declaration and memorandum of law, under seal for *in camera* review and consideration, with copies served on Defendants but not any other parties, in order to preserve the confidentiality of the attorney-client relationship. See e.g. *Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426 (HB)(JLC), 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (granting motion to withdraw upon in camera review, explaining: "documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and ... this method is viewed favorably by the courts") (internal quotations omitted) (quoting *Team Obsolete Ltd. v. A.HR.MA. Ltd.*, 464 F.Supp.2d 164, 165-66 (E.D.N.Y. 2006)); *Weinberger v. Provident Life & Cas. Ins. Co.*,

Since documents considered in support of motions to withdraw are routinely filed and considered under seal and in camera, which is the accepted procedure, see, e.g., Callaway Golf Co. v. Corp. Trade Inc., No. 10 Civ. 1676(GBD)(JCF), 2011 WL 2899192, at *5 (S.D.N.Y. July 6, 2011); ISC Holding AG v. Nobel Biocare Invs., N.V., 759 F. Supp. 2d 289, 293–94 (S.D.N.Y. 2010), aff'd sub nom. ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98 (2d Cir. 2012); Weinberger v. Provident Life & Cas. Ins. Co., No. 97 Civ. 9262(JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998), Attorneys for Defendants Ali Law Group PC are granted leave to submit the supporting documents to their to withdraw as counsel in camera.  However, the notice of motion shall be filed on the public docket.

SO ORDERED:

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK   2/5/2020
UNITED STATES DISTRICT JUDGE

11 prospect street, suite 1a
huntington, new york 11743
t/f: 631.423.3440
andrea.moss@alilawgroup.com
sima.ali@alilawgroup.com
www.alilawgroup.com

No. 97 Civ. 9262(JGK), 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw").

      Thank you for Your Honor's time and consideration in this matter.

                                                          Respectfully submitted,

                                                          Andrea Moss (AM 4202)


Copy to: Counsel for Plaintiffs VIA ECF