UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
 :
WANDEL CASTILLO, :
 :
                  Plaintiff, :
 : 18-CV-9633 (VSB)
       -v- :
 : ORDER
 :
 :
AURORA VEGETABLE MARKET CORP., :
D/B/A AURORA MEAT MARKET, et al., :
 :
                  Defendants. :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 42.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the settlement agreement contains an overbroad release that renders the agreement not fair and reasonable, the parties' request that I approve their settlement agreement is DENIED.

    **I.**    **Legal Standard**

      To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

1

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.     Discussion**

Pursuant to my Order of December 16, 2020, (Doc. 33), the parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable, (Doc. 42). I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are not, and therefore do not approve the parties'

settlement agreement.

### A. *Settlement Amount*

I first consider the settlement amount. The agreement provides for the distribution to Plaintiff of $35,000, inclusive of attorneys' fees and expenses. (*See* Doc. 42, at 1.) Counsel represents that Plaintiff believes he is entitled to up to $190,687.50, including liquidated damages. (*Id.*) While the parties acknowledge that $35,000 is "at the low end of Plaintiff's recovery range," the parties suggest that Defendants' "financial condition" is subpar, and Plaintiff contends that the amount "takes into account the anticipated difficulty of collection of any judgment." (*Id.*) The litigation risks and potential costs of continued litigation militate in favor of settlement of this case. The parties engaged in arm's length negotiation at mediation through the Southern District of New York's Mediation program. (*See* Doc. 13.) Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement. Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to be a fair and reasonable under the circumstances presented here.

### B. *Release Provision*

I turn next to the release provision. The settlement agreement contains an overbroad "Release." (Doc. 42-2, at § II.) "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-*

3

*Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The settlement agreement provides that "[t]o the fullest extent permitted by law, Plaintiff releases, discharges, and waives all claims against the Defendants, as defined below," and "Plaintiff releases Defendants from any and all claims or causes of action that Plaintiff may have as of the effective date of this Agreement arising from Plaintiff's employment with Defendants." (Doc. 42-2, at ¶¶ 4, 5.) Specifically, Plaintiff waives claims arising from his employment with Defendants that:

> a. are for compensation or remuneration pursuant to the Federal Fair Labor Standards Act or the New York State Wage and Hour law, the terms and conditions of that employment, and/or the termination of that employment;
>
> b. are for employment discrimination, failure to provide any reasonable accommodations or retaliation of any kind;
>
> c. and/or arise under any federal, state or local ordinance or statute, or under common law, including, but not limited to, the Age Discrimination in Employment Act, as amended by the Older Workers Benefits Protection Act, the Americans with Disabilities Act, as amended, the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, the New York Wage Theft Prevention Act, and the New York Code of Rules and Regulations, as amended.

(*Id.* at ¶ 5(a)–(c).) The settlement agreement further provides that while Plaintiff would not be prevented from filing a charge or complaint with any relevant regulatory agency, Plaintiff waives "his right to individual relief and/or monetary compensation against Defendants based on claims covered by this release asserted in such a charge or complaint, regardless of whether he or another party has filed it, to the extent allowed by law." (*Id.* at ¶ 6.)

The caveat that Plaintiff releases Defendants "[t]o the fullest extent permitted by law" does

not save the settlement agreement; indeed, it suggests that the parties know that the settlement agreement as written may not be permitted under the law. The release "is not expressly limited to the conduct underlying the claims in this case." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020). "Although a release 'may include claims not presented and even those which could not have been presented,' it must still be limited to 'conduct [that] arises out of the identical factual predicate as the settled conduct.'" *Id.* (quoting *Nights of Cabiria*, 96 F. Supp. at 181). The release covers virtually any claim that could have arisen out of Plaintiff's employment with Defendants, including discrimination and failure to provide reasonable accommodations, which do not "arise[] out of the identical factual predicate as the settled conduct." (*See* Doc. 1.) For the foregoing reasons, the release of claims is overbroad.

### C.     *Attorneys' Fees*

I next consider the attorneys' fees contemplated in the settlement agreement. The attorneys' fees sought are $12,376.06, representing one-third of the total recovery ($35,000) plus reimbursement of expenses ($709.40). (*See* Doc. 42, at 2.) As an initial matter, courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)). While this case is still at an early stage, it is clear that Plaintiff's counsel have expended time on at least the following: investigating and researching Plaintiff's claims; preparing for and attending mediation; and negotiating and executing the settlement. (*See* Doc. 42-4.) Moreover, because courts in this District typically approve hourly rates of approximately $175 to $450 for attorneys working on FLSA litigation, the

proposed award represents appropriate compensation for the 42 hours put into this case. *See, e.g., Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *5 (S.D.N.Y. Nov. 17, 2015) (awarding fees to Plaintiff's counsel of $175/hour of junior associate time); *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507-08 (S.D.N.Y. 2012) (awarding fees to Plaintiffs' counsel's firm at rates of $175/hour for associate work and $350/hour for partner work); *Ochoa v. Prince Deli Grocery Corp.*, No. 18 CIV. 9417 (ER), 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). Indeed, assuming that Plaintiff's counsel is awarded the prevailing maximum rate,[1] the lodestar is $18,900, which means the requested $12,376.06 award is only a fraction of the lodestar. Based on this analysis, I find the attorneys' fees contemplated in the settlement agreement to be fair and reasonable.

### III.  Conclusion

For the reasons stated above, I find that the overbroad release in the proposed settlement agreement renders the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status

---

[1] Plaintiff's counsel represents that his "normal hourly rate" is $575/hour. (Doc. 42, at 2.) That is much higher than the "prevailing maximum rate in the Southern District," which is $450/hour. *See Ochoa*, 2021 WL 5235222, at *2. But even if I apply the prevailing maximum rate, Plaintiff's counsel would be compensated for approximately 26 hours of work, despite billing 42 hours. (*See* Doc. 42-4.)

conference.

SO ORDERED.

Dated:      January 7, 2022
             New York, New York

_____
Vernon S. Broderick
United States District Judge